No. 74,818

In the Matter of RICHARD ALAN KROGH, *Respondent.*

(910 P.2d 221)

Opinion filed January 26, 1996.

*Marty M. Snyder,* deputy disciplinary administrator, argued the cause, and *Mark F. Anderson,* disciplinary administrator, and *Stanton A. Hazlett,* deputy disciplinary administrator, were with her on the formal complaint for the petitioner.

*Louis F. Eisenbarth,* of Sloan, Listrom, Eisenbarth, Sloan & Glassman, L.L.C., of Topeka, argued the cause for the respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the Disciplinary Administrator's office against Richard Alan Krogh, of Lawrence, an attorney admitted to the practice of law in Kansas.

A formal complaint was filed against respondent on August 25, 1995. Count I alleged violations of MRPC 1.3 (1995 Kan. Ct. R. Annot. 257) (diligence), MRPC 1.15 (1995 Kan. Ct. R. Annot. 294) (safekeeping property), MRPC 5.3 (1995 Kan. Ct. R. Annot. 327) (supervising nonlawyer assistants), and MRPC 8.4 (1995 Kan. Ct. R. Annot. 340) (fitness to practice). Count II alleged violations of MRPC 1.15 and 8.4. Count III alleged violations of MRPC 1.3, MRPC 1.5(d) (1995 Kan. Ct. R. Annot. 268) (failure to advise client of right to review fees), 1.15, 5.3, and 8.4(g).

Respondent filed an answer admitting the allegations, with certain exceptions as to specific dates and times of his conduct, and alleging mitigating circumstances.

A formal hearing was held before a panel of the Kansas Board for Discipline of Attorneys. The Deputy Disciplinary Administrator amended the formal complaint, and respondent amended his answer and advised the panel that he admits the factual allegations of the formal complaint as amended and the alleged violations of the model rules.

The matter was submitted to the hearing panel for consideration of matters of mitigation and aggravation, and the panel found that

the following facts were established by clear and convincing evidence:

"2. In 1992 respondent undertook to represent Deborah and Stacie Kice in connection with their claim for damages arising out of a motor vehicle collision. Deborah's claim was settled in September of 1993 and Stacie's claim was settled in February 1994.

"3. Settlement of both claims involved reimbursement of PIP payments made by Farm Bureau Insurance Company. With respect to count one of the formal complaint, State Farm did not receive a check for the balance of said PIP reimbursement until May 1994. Said check was returned twice due to insufficient funds.

"4. Farm Bureau filed the instant complaint and by letter of July 12, 1994, . . . respondent apologized, took full responsibility for his failure to make the PIP reimbursement in a timely fashion and delivered to Farm Bureau a certified check in the amount of the PIP lien.

"5. With respect to count two, during the course of the investigation of count one, the disciplinary investigator discovered that the respondent was guilty of numerous trust account violations all as set out in greater detail in paragraph fourteen (14) of the formal complaint herein. Although respondent described his checking account as being a 'trust' account and although it was labeled 'Iolta account' said account in fact served as respondent's office operating account. Accordingly, respondent commingled his funds with the funds of his clients, did not provide separate, appropriate accountings and on several occasions said account contained a negative balance.

"6. With respect to count three of the formal complaint, during the course of the investigation of this matter it was determined that the respondent's 'settlement statement' in connection with the claim of Deborah Kice did not properly 'advise the client of the right to have the fee reviewed as provided' by the Kansas Rules of Professional Conduct. However, the respondent's employment contract with Deborah Kice contained the required statement and Deborah Kice testified that at the time of the settlement of her claim the respondent again advised her verbally of her right to have the attorney fee reviewed by the court."

## The panel made the following conclusions of law:

"7. The panel unanimously finds, based upon clear and convincing evidence, and specifically considering the respondent's admissions and stipulations, that the respondent's conduct as described herein violates the following Kansas Rules of Professional Conduct:

    a. Rule 1.3 (Diligence);

    b. Rule 1.15 (Safe keeping of client's property);

    c. Rule 5.3 (Supervising nonlawyer assistants);

    d. Rule 1.5(d) (Fees—notice to client of right to have fee reviewed by court);

    e. Rule 8.4 (conduct adversely reflecting on a lawyer's fitness to practice)."

The Disciplinary Administrator's office recommended published censure as appropriate punishment. The panel found no aggravating factors. As to mitigating factors, the panel stated:

"The panel does note the presence of a number of mitigating circumstances, including compelling circumstances in the respondent's private life involving his personal health, his wife's health and problems with his teenage son. The panel notes the respondent's full and timely cooperation in the investigation and disposition of these complaints, the lack of any previous disciplinary complaints and the respondent's full acceptance of responsibility herein and true remorse for any problems caused as a result of his behavior.

"Most importantly, the panel notes the apparent efforts of the respondent's wife, during the time period in question, to protect and shield the respondent from work related stress, including her deliberate failure to inform respondent regarding the returned checks and the failure to promptly and properly reimburse the PIP carrier.

"The panel notes that the most serious violation herein concerns the respondent's mishandling of client funds. It appears this was occasioned by the respondent's failure to properly maintain and utilize a true trust account, and it appears that respondent may not have fully appreciated the seriousness of this situation and the importance of the legal requirements in this regard. The panel notes that the respondent has taken appropriate remedial action and now utilizes a properly established trust account in addition to his regular business operating account.

"In consideration of the above and foregoing factors the panel unanimously recommends that the respondent be given the sanction of published censure and that the costs herein be assessed to the respondent."

Respondent filed no exceptions to the report of the panel. Respondent agrees with and stipulates to the recommendation that he be sanctioned by published censure.

The court, having considered the record herein and the report of the panel, accepts and concurs in the findings, conclusions, and recommendations of the hearing panel.

IT IS THEREFORE ORDERED that Richard Alan Krogh be and he is hereby disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) (1995 Kan. Ct. R. Annot. 191).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.